**Randy S. FINK, and Linda R. Fink, Petitioners,**

v.

**UNITED STATES of America, Respondent.**

No. 83–0261–C(4).

United States District Court, E.D. Missouri, E.D.

Sept. 30, 1983.

**618**

Sandy J. Cortopassi, London, Greenberg & Pleban, St. Louis, Mo., Edward P. Phillips, Coral Springs, Fla., for petitioners.

Ludwig H. Adams, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for respondent.

## MEMORANDUM AND ORDER

CAHILL, District Judge.

Petitioners seek to intervene in an action to quash an Internal Revenue Service third-party summons. The third-party summons was served on Citicorp Homeowners Services, Inc. (CHSI), a corporation that services mortgages for mortgage owners. The third-party summons served on CHSI requested CHSI to turn over its records pertaining to petitioners' transactions with CHSI. Notice of the third-party summons was given to the petitioners by the IRS. Petitioners instructed CHSI to refuse to comply with the summons and petitioned this Court to allow them to intervene under 26 U.S.C. § 7609 (Supp. V 1981) in order to quash the summons. The IRS objects, arguing that CHSI is not a "third-party recordkeeper" within the meaning of 26 U.S.C. § 7609(a)(3) and, therefore, petitioners have no right to intervene under § 7609(b). In a previous order this Court narrowed the issue to whether CHSI was a "bank" within the meaning of 26 U.S.C. § 581 (1976) so as to make it a "third-party recordkeeper" under § 7609(a)(3)(A). The parties have submitted additional affidavits and supporting memoranda on this narrow issue. Upon reflection the Court has reconsidered its earlier ruling. For the reasons discussed below, the Court holds that CHSI is a "third-party recordkeeper" within the meaning of the first clause of 26 U.S.C. § 7609(a)(3)(A).

Section 7609 is a precisely drafted piece of legislation that embraces the broad and ethereal policy of taxpayer privacy. Section 7609(b) gives taxpayers the right to intervene in a proceeding to quash a third-party summons that is directed at acquiring records of the taxpayers' business dealings with a "third-party recordkeeper." In this way, Congress sought "to provide lim-ited protection against unreasonable infringements upon the civil rights of taxpayers through the IRS's .use of third-party summonses." *United States v. New York Telephone*, 682 F.2d 313, 315–16 (2d Cir. 1982). *See* 4 U.S.Code Cong. & Ad.News 3797–98 (1976). Congress hoped that the increased involvement of taxpayers, who had a direct interest in the records sought, would help to curb some of the abuses Congress saw in the third-party summons procedure. *Id.* at 3798.

Section 7609(a)(3)(A) delineates three general categories of institutions that may qualify as "third-party recordkeepers." The first category includes:

—any mutual savings bank, co-operative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law...

The second category includes:

—any bank (as defined in section 581)....

The third category includes:

—any credit union (within the meaning of section 501(c)(14)(A)).

■ Each of these categories must be construed with the broad remedial purposes of § 7609 in mind. A statute "can not be construed in a vacuum. Due consideration must be given to the evil that the statute was meant to address as well as the purpose Congress intended the language of the statute to serve." *United States v. Harshaw*, 705 F.2d 317, 319 (8th Cir.1983). The legislative history of § 7609 clearly shows that Congress wanted § 7609(a)(3) to be construed broadly in order to give taxpayers every opportunity to voice their privacy interests when those interests are implicated. As the Congressional conference committee explained,

For purposes of these rules, a third-party recordkeeper is generally to be a person engaged in making or keeping the records involving transactions of other persons. For example, an administrative

summons served on a partnership, with respect to records of the partnership's own transactions, would not be subject to these rules.

*Id.* at 3798.

This passage evidences Congress's intent to have "third-party recordkeeper" construed liberally, with the emphasis on the nature of the records sought as they relate to the taxpayer, rather than narrowly focusing on the nature of the person who holds those records. With these considerations in mind, the Court turns to the language chosen by Congress to express them.

 The first category of "third-party recordkeeper" under § 7609(a)(3)(A) can be paraphrased with the generic word "bank." Although the clause uses rather specific descriptions of different types of banks, it also includes a general "catch-all" description of "similar association." The Court finds that CHSI is such a similar association *for purposes of § 7609*. It is crucial to remember that the Court must define statutory language in the context of the purpose the words chosen by Congress were meant to serve. Here, CHSI is a wholly owned subsidiary of Citibank, N.A. which is undisputably a "bank" for purposes of § 7609. CHSI services mortgages held by Citibank. CHSI receives the mortgage payments, does bookkeeping and clerical work required to service the mortgage, gives notice when payments are late, and may bring legal action against defaulting mortgagors on the behalf of the mortgagee, which in this instance is Citibank. In short, CHSI does everything a bank would do in keeping records of its mortgages received from its loan customers. The fact that CHSI is a separate entity from Citibank should not preclude the taxpayers from intervening to prevent the disclosure of CHSI's records of the *taxpayers'* transactions. The function CHSI serves, and the nature of the records sought by the IRS as they relate to the taxpayers, is unchanged whether the records are in the physical possession of CHSI or Citibank. No policy underlying § 7609 is served by fabricating a distinction between CHSI and Citibank based on the fact that CHSI does not receive deposits in the conventional sense or is unsupervised by a government banking authority. Indeed, the policies and purposes § 7609 was meant to serve would be disserved by such a distinction. CHSI does receive mortgage payments from mortgagors and CHSI keeps records of these payments. Thus, for the purposes of § 7609, CHSI received "deposits" because § 7609 is directed at protecting a taxpayer's privacy interest in records of his or her financial arrangements kept by a third party who is in the business of keeping track of those arrangements. The fact that CHSI is presently unsupervised by a government banking authority would add little to a § 7609 analysis. Government supervision does nòt change the nature of the records kept by CHSI. Additionally, legislation does exist whereby CHSI may be subject to federal banking supervision, although at the present time CHSI is unsupervised. *See* 12 U.S.C.A. § 1867 (West. Supp.1983).

In other applications of § 7609(a)(3), the courts have given a liberal construction to the language of that section. For example, in *United States v. New York Telephone Co.*, 682 F.2d 313, 319 (2d Cir.1982), the Second Circuit held that a taxpayer had standing to intervene in third-party summons of a telephone company's billing records of the taxpayer's phone numbers. The Court held that because the telephone company extended credit through credit cards as well as other similar means (delayed billing), "the records of all such similar credit transactions with its customers, whether or not they were effected through the use of a credit card, are ones as to which a taxpayer has standing to intervene in an action to enforce a third-party summons." *Id.* at 318. The Second Circuit explained that.

> [a]ny other rule would make the question of standing to assert available defenses to the production of records turn on the fortuitous possession of a piece of plastic, and the possibility that it was

used at some point during the time period for which the records are sought. *Id.*

This Court is of the opinion that the result in this case should not turn on what entity has possession of the records at hand, as long as the entity that does have the records loosely fits within the broad categories of § 7609(a)(3). It is the nature of the records sought which must be controlling in close cases. In this case the function CHSI performs in relation to these records is sufficiently similar to that of a traditional "bank" that CHSI fits the description of "similar association" within the meaning of the first clause of § 7609(a)(3)(A). Therefore, petitioners may intervene under § 7609(b). Accordingly,

IT IS HEREBY ORDERED that petitioners' petition to intervene is GRANTED.